**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EMMANUEL DE JESUS MOREL GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF PIKE COUNTY CORRECTIONAL FACILITY,<br><br>Respondent. | No. 4:26-CV-02901<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**NOVEMBER 24, 2026**

Emmanuel De Jesus Morel Gutierrez filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 30, 2026, alleging that his continued immigration detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") violates the Due Process Clause of the Fifth Amendment.[1] Specifically, Gutierrez contends that his detention has become unconstitutionally prolonged and seeks either immediate release from custody or, in the alternative, a bond hearing.[2]

The petition turns largely on the length of Gutierrez's detention. Although he has now been detained for approximately eight months, exceeding the six-month

---

1 Doc. 1.

2 *Id.* at 7-8.

benchmark drawn in *Zadvydas v. Davis*,[3] that fact alone does not guarantee habeas relief. The relevant inquiry is whether removal remains "reasonably foreseeable."[4] Because Gutierrez's removal proceedings remain actively pending before the Board of Immigration Appeals ("BIA"), and because nothing in the record suggests that removal cannot be accomplished should his administrative appeal prove unsuccessful, the Court concludes that continued detention does not violate the Constitution.

## I. BACKGROUND

Petitioner Emmanuel De Jesus Morel Gutierrez is a native and citizen of the Dominican Republic.[5] On March 16, 2026, ICE officers encountered Gutierrez during a probation appointment and took him into custody.[6] Later that day, ICE initiated removal proceedings against him by issuing a Notice to Appear.[7] ICE charged Gutierrez as removable based upon several criminal convictions, including controlled-substance and theft-related offenses.[8] Those convictions rendered him subject to mandatory detention during the pendency of his removal proceedings.[9]

---

3 533 U.S. 678 (2001).
4 *Id.* at 699.
5 Doc. 8-2, at 2.
6 *Id.*
7 Doc. 8-3, at 1.
8 *Id.* at 4.
9 *See* 8 U.S.C. § 1226(c).

On May 11, 2026, following removal proceedings, the Immigration Judge ordered Gutierrez removed to the Dominican Republic.[10] Gutierrez timely appealed that decision to the Board of Immigration Appeals on May 26, 2026.[11] According to Gutierrez's case files before the Executive Office for Immigration Review, his appellate brief was received by the BIA on September 17, 2026, and his administrative appeal remained pending when he commenced this action.

While detained at the Pike County Correctional Facility, Gutierrez filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[12] In his petition, Gutierrez asserts that his continued immigration detention violates the Constitution because the duration of that detention has become unreasonable.[13] He requests immediate release from custody or, alternatively, a bond hearing. The Government filed a response opposing the petition on October 19, 2026.[14] The matter is now ripe for disposition; for the reasons that follow, it is denied.

## II. DISCUSSION

The sole question on which this Court has jurisdiction to decide is whether Gutierrez's continued detention violates the Due Process Clause. Gutierrez relies primarily upon *German Santos v. Warden Pike County Correctional Facilty* and

---

10 Doc. 8-4, at 1.
11 Doc. 8-5, at 1.
12 Doc. 1.
13 *Id.* at 7-8.
14 Doc. 8.

*Zadvydas v. Davis* to argue that the eight-month duration of his detention entitles him to release from ICE custody or a bond hearing.[15] Neither case compels that result here.

As an initial matter, the Court notes that Gutierrez is detained pursuant to 8 U.S.C. § 1226(c), which subjects certain criminal aliens to mandatory detention during the pendency of their removal proceedings. Therefore, the Court begins with *German Santos*, which Gutierrez relies upon throughout his petition.

Although *German Santos* supplies the most analogous statutory framework, Gutierrez misreads that decision as establishing a categorical five-month detention threshold triggering release or a bond hearing. There, the United States Court of Appeals for the Third Circuit considered whether a detainee's continued detention under 8 U.S.C. § 1226(c) had become so prolonged as to require an individualized bond hearing.[16] In concluding that the petitioner's continued detention had become unreasonably prolonged and that due process therefore required a bond hearing, the Third Circuit emphasized, among other considerations, the extraordinary length of the petitioner's detention, which exceeded two years, as well as the likelihood of future detention and the conditions under which the petitioner was confined.[17]

---

15 Doc. 1, at 7 (citing *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020) and *Zadvydas v. Davis*, 533 U.S. 678 (2001)).

16 965 F.3d at 208.

17 *Id.* at 211.

Gutierrez's facts are rather different. At present, he has been detained for approximately eight months, not multiple years. Moreover, the record reflects that, in those eight months, his removal proceedings have continued to progress through the ordinary administrative process without significant delay. An Immigration Judge entered an order of removal on May 11, 2026, Gutierrez appealed on May 26, and his appellate brief was received on September 17. Nothing in the record suggests "careless or bad-faith mishaps" producing delays that should be held against the Government.[18] Rather, the duration of Gutierrez's detention appears largely attributable to the normal course of administrative review. Under these circumstances, Gutierrez has not demonstrated the sort of unreasonably prolonged detention that prompted the Third Circuit to require an individualized bond hearing in *German Santos*.

Even if the Court were to look beyond the § 1226(c) framework discussed in *German Santos* and evaluate Gutierrez's claim under *Zadvydas*, the result would be the same. Gutierrez has failed to produce evidence demonstrating that there is no significant likelihood of removal in the reasonably foreseeable future, which is the threshold showing required to obtain relief under *Zadvydas*.

Turning to *Zadvydas*, Gutierrez likewise overreads the significance of the Court's six-month presumptively-reasonable mark. There, the Supreme Court

---

[18] *Id.* at 212.

considered whether the post-removal-period detention statute,[19] authorized the Government to detain a removable alien indefinitely when actual removal could not be accomplished.[20] The Court held that the statute contains an implicit "reasonable time" limitation and determined that a six-month period of detention is presumptively reasonable.[21] But the Court proceeded to caution that expiration of the six-month period, alone, does not automatically compel the detainee's release.[22] Rather, after six months have elapsed, the detainee must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."[23] The burden then shifts to the Government to rebut that showing.[24]

Gutierrez has not carried his burden to show that "there is no significant likelihood of removal in the reasonably foreseeable future."[25] Granted, his detention does now exceed six months. Nevertheless, he offers no evidence that his removal cannot be effectuated in the reasonably foreseeable future. He does not contend that the Dominican Republic has refused or will refuse repatriation (as was the case for Petitioner Zadvydas in *Zadvydas*).[26] Nor can he identify any diplomatic, logistical,

---

19 8 U.S.C. § 1231(a)(6).
20 *Zadvydas*, 533 U.S. at 682.
21 *Id.*
22 *Id.* at 701.
23 *Id.*
24 *Id.*
25 *Id.*
26 *Id.* at 684.

or legal impediments preventing ICE from executing the removal order should his administrative appeal prove unsuccessful. Instead, his argument turns entirely on the duration of his detention. But *Zadvydas* expressly rejected the proposition that detention becomes unlawful merely because six months have passed.[27]

Far from demonstrating that removal is not reasonably foreseeable, the present record shows an immigration process proceeding steadily toward resolution. An Immigration Judge entered an order of removal on May 11, 2026, and Gutierrez thereafter sought review before the Board of Immigration Appeals. His appellate brief was received by the Board on September 17, 2026, reflecting that the administrative process remains active and continues to move toward resolution. Rather than illustrating an inability to remove Gutierrez, the record reflects only that his removal proceedings remain ongoing.

Nor is there any indication that the Government has unreasonably delayed those proceedings. The record reflects that ICE detained Gutierrez on March 16, 2026, and obtained an order of removal less than two months later. Any extension of detention thereafter has largely coincided with the pendency of Gutierrez's appeal before the BIA. The Court does not fault Gutierrez for pursuing available

---

[27] *Id.* at 701.

administrative remedies.[28] Nevertheless, the ordinary course of administrative review does not establish that removal is no longer reasonably foreseeable.

Accordingly, Gutierrez has not demonstrated either that his detention has become unreasonably prolonged under *German Santos* or that there is no significant likelihood of removal in the reasonably foreseeable future under *Zadvydas*.

## III. CONCLUSION

Because Gutierrez has not demonstrated either that his detention has become unreasonably prolonged or that there is no significant likelihood of removal in the reasonably foreseeable future, his request for release from custody or, alternatively, for a bond hearing fails.

The petition will therefore be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[28] *See German Santos*, 965 F.3d at 211 ("[W]e do not hold an alien's good-faith challenge to his removal against him, even if his appeals or applications for relief have drawn out the proceedings.").